James Sean Healey, Galveston, Tex., David J. Salinsky, Houston, Tex., for defendant.

## POTOMAC LEASING COMPANY

v.

## Melvin B. URIARTE, Individually and d/b/a G & M Bear Equipment Company.

### Civ. A. No. G–85–95.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 4, 1988.

## ORDER

HUGH GIBSON, District Judge.

Plaintiff obtained a judgment in this Court in March of 1987. Sometime thereafter, plaintiff requested the Galveston County Sheriff's Department to execute the judgment on plaintiff's behalf. The Sheriff's Department refused. Plaintiff now moves the Court to exercise its broad discretion and specially appoint the Sheriff's Department to execute on the judgment.[1] Moreover, plaintiff prays that the Sheriff's Department be held liable for its refusal to execute.

 Plaintiff's motion disturbs the Court for two reasons. First, the order plaintiff seeks tramples upon important

1. FED.R.CIV.P. 4(c)(1) gives the Court the power to specially appoint someone to carry out a writ of execution. The rule reads as follows:
   Process, other than a subpoena or a summons or complaint, shall be served by a United States marshal or deputy United States marshal, or by a person specially appointed for that purpose.

principles of comity. This federal Court should no more exercise its power to order a County Sheriff to execute on a federal judgment than should a state court try and order the U.S. Marshal to execute on a state judgment. Second, and although not expressly stated, FED.R.CIV.P. 4(c)(1) contemplates that the person who is specially appointed be willing to accept the appointment, especially when there is a risk of injury in carrying out the appointment.[2] Since the Sheriff's Department has previously refused to honor the plaintiff's request to execute on the judgment, this Court declines to exercise its broad discretion in ordering the Sheriff's Department to accept an appointment which it does not desire.

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiff's motion to appoint the Galveston County Sheriff's Department to execute on a judgment issued by this Court is DENIED.

---

**2.** 4A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: Civil § 1091, 48–49.

The Court recognizes that the sheriff and his deputies are just as capable as a U.S. Marshal in protecting themselves. Nevertheless, comity dictates that absent consent, a sheriff should not risk personal injury merely because a litigant prefers execution by a sheriff, rather than a U.S. marshal.