

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 15, 1992

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston 77002-1891

Opinion No. DM-164

Re:   Whether a county constable is under a statutory duty to serve civil process issued by federal courts   (RQ-133)

Dear Mr. Driscoll:

You ask whether county constables have a statutory duty to serve civil process and other orders issued by federal courts. If they are not under such a duty, you ask whether county constables may perform these services in their private capacities. We conclude that county constables are not required by state law to serve such instruments in their official capacity.

Section 86.021 of the Local Government Code provides the following:

> (a)  A constable shall execute and return as provided by law each process, warrant, and precept that is directed to the constable *and is delivered by a lawful officer.*

> (b)  A constable may execute *any* civil or criminal process throughout the county in which the constable's precinct is located and in other locations as provided by the Code of Criminal Procedure *or by any other law.*

> (c)  A constable *expressly authorized by statute* to perform an act or service, including the service of civil or criminal process, citation, notice, warrant, subpoena, or writ, may perform the act or service anywhere in the county in which the constable's precinct is located.

> (d)  Regardless of the Texas Rules of Civil Procedure, all civil process may be served by a constable in the constable's county or in a county contiguous to the constable's county, except that a constable who is a party to or interested in the outcome of a suit may not serve any process related to the suit.

(e) The constable shall attend each justice court held in the precinct. [Emphasis added.]

Our research has yielded no Texas authority directly in point, but we think it is clear the language emphasized above refers exclusively to state law and to legal process issued by Texas courts. Texas courts have held that in executing civil process, county sheriffs and constables are officers of the court, carrying out duties prescribed by state law or constitution. See *Henry S. Miller Co. v. Evans*, 452 S.W.2d 426 (Tex. 1970); *Merritt v. Harris County*, 775 S.W.2d 17 (Tex. App.--Houston [14th Dist.] 1989, writ denied). This office has previously analyzed the duty of the sheriff to execute process under state law as encompassing legal process and writs issued by *state* authorities, without reference to process issued by federal courts. Attorney General Opinion H-595 (1975). We think the duty of a constable to serve such instruments is grounded in a similar policy. *Cf.* Attorney General Opinion JM-810 (1987) (examining duty of constables to serve citation under Tex. R. Civ. P. 106(b), which applies to, *inter alia*, "officers"). Constables are also required to attend each justice court held in their precincts. Local Gov't Code § 86.021(e). It is evident, then, that constables fulfill an important role in the administration of the state judicial system. Consequently, we believe the duties conferred by section 86.021 relate specifically to civil process issued by state courts.

Our conclusion is supported by a decision cited in your brief, *Potomac Leasing Co. v. Uriarte*, 126 F.R.D. 526 (S.D. Tex. 1988). The decision explained the court's denial of a motion to have the Galveston County Sheriff's Department specially appointed to execute a judgment obtained in federal court. The appointment was sought under rule 4(c)(1) of the Federal Rules of Civil Procedure which states, "Process, other than a subpoena or a summons and complaint, shall be served by a United States marshal or deputy United States marshal, or by a person specially appointed for that purpose." A judgment creditor requested the sheriff's department execute the judgment obtained by the creditor. The sheriff refused the request. The judgment creditor then moved to have the sheriff appointed to execute the judgment pursuant to rule 4(c)(1).

The court denied the motion, expressing the view that comity dictated that a federal court should no more exercise its power to order the sheriff to execute on the federal judgment than should a state court attempt to compel a United States marshal to execute on a state judgment. 126 F.R.D. at 527. In addition, the court concluded that rule 4(c)(1) contemplates a person's willing assumption of the obligation to serve process under special appointment. Absent such cooperation, the court declined to exercise its broad discretion to order the sheriff to act.

This office has previously concluded that constables have a nondiscretionary legal duty to serve civil process properly delivered to them under state law and rules of civil procedure. Attorney General Opinion JM-810 (discussing Tex. R. Civ. P. 103, 105, 106). Sheriffs are subject to the same rules. Thus, it may reasonably be inferred that in concluding that the sheriff had the discretion to refuse to execute the judgment, the court in *Uriarte* determined that the sheriff was under no official duty arising under state law to perform the requested service. Accordingly, we conclude that a constable is not required by section 86.021 to serve civil process issued by federal courts.

Your second question, conditioned on a negative response to your first question, is whether a constable is authorized to perform these services in his individual capacity. Attorney General Opinion V-733 (1948) concluded that a county constable is not required to account for fees collected for the performance of services that are not part of the constable's statutory duties. A necessary premise to this conclusion is that unless prohibited by law (including his oath that he will faithfully execute the duties of his office, *see* Tex. Const. art. XVI, § 1), a constable may perform services that are not part of his official duties. Attorney General Opinion JM-810 essentially concludes that a constable may not act as a private process server with regard to civil process issued by a state court, but you have identified no provision of law, and we are aware of none, which prohibits a constable from serving process issued by federal courts in his private capacity. Consequently, we conclude that a constable is not prohibited from serving civil process issued by federal courts in his private capacity provided such service does not interfere with the constable's official duties.

## S U M M A R Y

A county constable is not required to serve civil process issued by federal courts in his official capacity under section 86.021 of the Local Government Code. A constable is not prohibited from performing such services in his private capacity provided such service does not interfere with the constable's official duties.

Very truly yours,

DAN MORALES

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragón
Assistant Attorney General